UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-    Case No. 6:13-cr-212-Orl-28GJK

**TODD LESLIE KROEBER**

___

**ORDER**

This case is before the Court on "A Brief Motion to Reconsider Order" (Doc. 42) filed by the Defendant, Todd Leslie Kroeber. In his motion, Kroeber argues that in the Order (Doc. 39) denying his motion to dismiss, the Court misunderstood his legal argument. The Government has responded to the motion (Doc. 46). As set forth below, Kroeber has not presented a basis for reconsideration of the Order.

Kroeber argued in his motion to dismiss (Doc. 32) that venue is not proper in the Middle District of Florida as to Counts 1 through 8 of the Superseding Indictment. The Court rejected that argument, finding that venue is proper in this district because the violations of 18 U.S.C. § 2251(a)[1] charged in Counts 1, 3, 5, and 7 are continuing offenses and the visual

___

[1]Section 2251(a) provides:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting

depictions at issue in those counts were transported by Kroeber into this district on his cell phone. (See Doc. 39 at 4 (citing United States v. Kapordelis, 569 F.3d 1291, 1308 (11th Cir. 2009), and United States v. Engle, 677 F. Supp. 2d 879, 886-87 (E.D. Va. 2009))). Kroeber now contends in his motion to reconsider that the Court conflated the concepts of venue and jurisdiction and that the Court "misplace[d] the significance of the pictures on his cell phone." (Doc. 42 at 1, 3). Kroeber is incorrect on both points.

The Court did not conflate the concepts of venue and jurisdiction. The Court quoted United States v. Smith, 459 F.3d 1276, 1289 (11th Cir. 2006), for its statement of the three alternative ways in which the commerce prong of 18 U.S.C. § 2251(a) can be satisfied. Although the Smith quotation included the word "jurisdiction," no conflation of concepts occurred. The Court analyzed venue by looking at the elements of the crime as charged in the Superseding Indictment, noting that the Government had charged two of the three alternative ways of satisfying the commerce prong. The Court concluded that with regard to at least one of those alternatives—that the "visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce"—venue is proper in this district because the crime was not completed until the images had been transported and such a crime may properly be prosecuted in any district into which the visual depiction of child pornography moves.

---

        interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

Kroeber's contention that this principle does not apply unless the depiction crosses state lines is rejected.

The Court also did not "misplace the significance of the pictures on the cell phone." Kroeber maintains that he did not bring with him into this district "visual depictions" within the meaning of § 2251(a) because he did not bring the original videos but only pictures of those videos that he took on his cell phone. The Court understands Kroeber's argument but finds it to be devoid of merit. Kroeber allegedly produced visual depictions with a video camera and then took photographs of those videos his cell phone, which he then transported into this district. The pictures on Kroeber's cell phone are "visual depictions" within the meaning of § 2251(a). To find that Kroeber's alleged conduct does not violate § 2251 would gut the statute and allow producers of child pornography to escape its proscriptions merely by making copies of original images. Cf. United States v. McBurnette, 382 F. App'x 813, 814-15 (11th Cir. 2010) ("[S]ection 2251(a) does not require that a defendant can be prosecuted based upon only the original visual depiction. . . . [B]y the plain language of the statute, any of the five video recordings the government introduced at trial, whether the original or a later copy, could fulfill the elements of a section 2251(a) violation."); United States v. Sturm, 672 F.3d 891, 901 (10th Cir. 2012) (en banc) (holding, in analyzing 18 U.S.C. §§ 2252 and 2252A, that "[a]ll copies of the same substantive content are the same visual depiction" and that "a visual depiction can be contained both in the particular tangible or digital media possessed, received, or distributed by a defendant and also in any other form or copy of the copy of the image, including the original").

Accordingly, it is **ORDERED** that the "Brief Motion to Reconsider" (Doc. 42) filed by

Defendant is **DENIED**.

    **DONE** and **ORDERED** in Orlando, Florida on this 14 day of January, 2014.

                                                  JOHN ANTOON II
                                                  United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
TODD LESLIE KROEBER